JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR AMBRIZ, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company; CAROL STEEN, an individual, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 2:25-cv-06814-MEMF-MARx<br><br>**ORDER GRANTING PLAINTIFF HECTOR AMBRIZ'S MOTION TO REMAND [DKT. NO. 8]** |

Before the Court is the Motion to Remand filed by Plaintiff Hector Ambriz. Dkt. No. 8.

Defendant Charter Communications, LLC filed an Opposition. Dkt. No. 12. Plaintiff then filed a

Response to the Opposition. Dkt. No. 13. For the reasons stated herein, the Court hereby GRANTS

Plaintiff's Motion to Remand.

//

//

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    Background

### A.   Factual Background[1]

Plaintiff in this action is Hector Ambriz ("Plaintiff"), an individual residing in Los Angeles County, California. He was employed by Defendants from approximately August 1, 2022, to December 13, 2023. Dkt. No. 1-2 ¶ 1. Defendants in this action are Charter Communications, LLC ("Charter") and Carol Steen ("Steen"). Charter is a limited liability company, whereas Steen is an individual residing in California and employed by Charter in a managerial role. *Id.* ¶¶ 2-3.

Around August 1, 2022, Charter hired Plaintiff as a Sales Advisor. *Id.* ¶ 12. During the hiring process, Plaintiff requested workplace accommodations to sit periodically during work hours and a late shift due to morning stiffness and limited morning mobility from his disability caused by a back surgery (L4-5 Laminectomy). *Id.* ¶ 13. During the six months following hiring, Defendants allowed Plaintiff to sit periodically during work hours and late shifts. *Id.* ¶ 14. However, around January 2023, after being assigned a new supervising store manager, Latasha Smith ("Smith"), who informed Plaintiff that he could no longer sit while working and that surveillance cameras were monitoring him, Plaintiff began receiving notices of misconduct for sitting down and arriving late to work. *Id.* ¶ 15.

Around April 26, 2023, Plaintiff submitted three workplace accommodation requests to Charter: (1) permission to sit for short periods during work hours; (2) late shifts; and (3) Mondays and Tuesdays off to be able to take his child, who suffers from autism spectrum disorder, to his required therapy sessions. *Id.* ¶ 16.

The next day, Charter's Human Resources representative Gayle Greenhow ("Greenhow") responded via email that she would initiate the accommodation process for the first two requests. *Id.* ¶ 17. She also informed Plaintiff that he would soon receive a series of emails containing instructions and forms for him and his healthcare provider to complete to move the request forward.

---

[1] Unless otherwise indicated, the following factual background is derived from Plaintiff's Complaint. Dkt. No. 1-2. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage— finding that they are true.

1    *Id.* However, for the third request, Greenhow instructed Plaintiff to file a separate claim through

2    Sedgwick, stating that they administer that type of accommodation. *Id.*

3        On the same date, Plaintiff also reported via email to Greenhow about a meeting he had with

4    District Manager Steen, along with Smith. *Id.* ¶ 18. Plaintiff alleged that during the meeting, Steen

5    and Smith told Plaintiff he was being defiant for sitting during his shift and showed Plaintiff

6    surveillance photos of him sitting and told him that even with medical documentation, they would

7    not accommodate him. *Id.* They also told Plaintiff in an "intimidating manner," "[Y]ou knew what

8    your job required. If you knew you had a problem, why did you apply?" and repeatedly asked

9    Plaintiff, "What are you going to do?" *Id.* Plaintiff told Greenhow in the email that he was being

10    targeted and singled out, but Greenhow never sent him a response. *Id.*

11        In the following month, Plaintiff continued his attempt to move forward with his workplace

12    accommodations, including submitting required forms and documentation, such as doctor's notes.

13    *Id.* ¶¶ 19-27. In mid-May 2023, Greenhow went on leave and instructed Plaintiff to continue the

14    process with Cecilia Munoz, Human Resources manager, and other representatives, including

15    Rachell Sablan. *Id.* ¶¶ 22-25. Eventually, Greenhow returned as the primary contact for Plaintiff's

16    accommodations request. *Id.* ¶ 28.

17        From June 15 to December 13, 2023, Plaintiff took medical leave for a two-disc replacement

18    back surgery. *Id.* ¶ 29. Defendants informed Plaintiff that he was not eligible for leave and

19    threatened him with disciplinary action for taking it. *Id.* During the midst of his leave, Defendant

20    also denied Plaintiff's two accommodation requests for periodic sitting and late shifts made in April

21    2023, claiming he had failed to provide a required medical form. *Id.* ¶ 30. After the denial, Plaintiff

22    resubmitted his requests with medical documents and followed up with Charter's ADA team. *Id.* ¶

23    31.

24        On December 13, 2023, Plaintiff submitted his letter of resignation. *Id.* ¶ 33.

25        **B.  Procedural History**

26

27        On June 25, 2025, Plaintiff filed a Complaint in Los Angeles County Superior Court asserting

28    causes of action against Charter for: (1) Disability Discrimination in Violation of California Fair

1    Employment and Housing Act ("FEHA"); (2) Associational Disability Discrimination in Violation

2    of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Engage in the

3    Interactive Process in Violation of FEHA; (5) Hostile Work Environment Harassment in Violation

4    of FEHA; (6) Retaliation in Violation of FEHA; (7) Failure to Prevent Discrimination and

5    Retaliation in Violation of FEHA; and (8) Constructive Discharge in Violation of Public Policy. *See*

6    Dkt. No. 1-2. In the Complaint, Plaintiff only asserted the fifth cause of action against Steen. *Id.*

7         On July 24, 2025, Charter filed an Answer to the Complaint in Los Angeles County Superior

8    Court and served a copy on Plaintiff's counsel of record. Dkt. No.1-4.

9         On July 25, 2025, Charter filed a Notice of Removal based on diversity jurisdiction. Dkt. No. 1.

10   At the time of filing, to Charter's knowledge, no proceedings had been heard at the state court, and

11   no other parties have been named or served with Summons and Complaint. *Id.* ¶ 8. Further, to

12   Charter's knowledge, Steen had not been served with the Summons and Complaint for the action. *Id.*

13   As of the close of briefing on this Motion, Steen had still not been served. Dkt. No. 12 at 6.

14        On August 25, 2025, Plaintiff filed the instant Motion to Remand on the basis that complete

15   diversity does not exist. Dkt. No. 8. Plaintiff further seeks attorney's fees resulting from Charter's

16   removal. *Id.* On September 8, 2025, Charter filed an Opposition to the Motion to Remand. Dkt. No.

17   12. On September 16, 2025, Plaintiff filed a Reply to Charter's Opposition. Dkt. No. 13.

18   **II.    Applicable Law**

19        In general, "any civil action brought in a state court of which the district courts of the United

20   States have original jurisdiction may be removed by the defendant or the defendants, to the district

21   court." 28 U.S.C. § 1441(a). Federal courts have jurisdiction over "diversity" cases, between

22   "citizens of different States." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

23   Diversity jurisdiction requires that (1) all plaintiffs be of different citizenship from all defendants,

24   and (2) the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. §

25   1332(a). Subsequently, "[a] civil action otherwise removable solely based on the jurisdiction under

26   28 U.S.C. §1332(a) of this title may not be removed if any of the parties in interest properly joined

27   and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §

28   1441(b)(2). In sum, diversity jurisdiction requires *complete diversity*, meaning each plaintiff must

4

1    have a different citizenship from each defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d

2    543, 548 (9th Cir. 2018) (emphasis added). For diversity purposes, an individual is a citizen of the

3    state in which he or she is domiciled. *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995). A

4    person's domicile is the place he or she resides with the intention to remain, or to which he or she

5    intends to return. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). At the same

6    time, a limited liability company's citizenship depends on the citizenship of "all the members."

7    *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

8    **III.    Discussion**

9    Charter contends that its removal was permissible. *See* Dkt. No. 12. Charter urges the Court to

10   follow other courts, including California district courts, and decide that the plain language of 28

11   U.S.C. §1441(b)(2) permits removal where a forum defendant has not been served at the time of

12   removal. *Id.* Alternatively, it contends that the "inclusion of Steen in this action is a transparent

13   effort to defeat federal jurisdiction" and that she is a "fraudulently joined sham defendant." Dkt. No.

14   12 at 5, 6.

15   Plaintiff, on the other hand, contends Charter's reliance on "snap removal" cannot cure the

16   absence of the Court's subject matter jurisdiction, and Charter cannot meet the "heavy burden" to

17   prove Steen was fraudulently joined. *See* Dkt. No. 13. Plaintiff also seeks an award of attorney's fees

18   incurred because of Charter's removal. Dkt. No. 13 at 7.

19   The parties do not dispute that Charter is a citizen of Connecticut, Delaware, Missouri, New

20   York, and New Jersey. Dkt. No.1 ¶¶ 16-17. They also do not dispute that Plaintiff and Steen are both

21   citizens of California. Dkt. No.1-2. ¶¶ 1, 3. Here, the Court will first address whether Steen is a

22   fraudulently joined sham defendant and, consequently, determine whether Charter's removal was

23   proper.

24   **A.  Defendant Carol Steen Is Not a Fraudulently Joined Sham Defendant**

25

26   There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of

27   jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

28   diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

1    Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in

2    the action cannot be liable *on any theory*." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th

3    Cir. 1998) (emphasis added). But "if there is a *possibility* that a state court would find that the

4    complaint states a cause of action against any of the resident defendants, the federal court *must* find

5    that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046

6    (emphasis added). A defendant invoking federal court diversity jurisdiction based on fraudulent

7    joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent

8    joinder." *Id.* Additionally, the standard for a California FEHA harassment cause of action is that "a

9    single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a

10   hostile work environment if the harassing conduct has unreasonably interfered with Plaintiff's work

11   performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code

12   § 12923(b).

13       Charter contends that Plaintiff alleged only a single incident of purported harassment, which it

14   contends falls far short of sufficiently pleading the FEHA harassment cause of action. Dkt. No. 12 at

15   11. But because, as discussed below, there is "a *possibility* that a state court would find that the

16   complaint states a cause of action" against Charter, *see Hunter*, 582 F.3d at 1046, the Court finds

17   Charter has not met its burden of demonstrating that Plaintiff does not have a possible harassment

18   cause of action against Steen.

19       Under California law, "[a] single incident of harassing conduct is sufficient to create a triable

20   issue regarding the existence of a hostile work environment if the harassing conduct has

21   unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or

22   offensive working environment." Cal. Gov't Code § 12923(b). Accordingly, given Ambriz's

23   allegations, there is a possibility that a state court could find that he has stated a cause of action for

24   hostile work environment harassment in violation of FEHA against Steen. He alleged that Steen, a

25   district manager, along with Smith, the store manager, told Ambriz during a meeting that he was

26   being defiant for sitting during his shift and showed Plaintiff surveillance photos of him sitting. *Id.*

27   He further alleged that they told him that they would not accommodate his disability even with

28   medical documentation. And finally, he alleges that they addressed him in an intimidating manner,

1    saying "[Y]ou knew what your job required. If you knew you had a problem, why did you apply?"

2    and repeatedly asking, "What are you going to do?" *Id.*

3        There is a possibility that a state court could find that these statements and this conduct, made by

4    individuals in a managerial role and in an intimidating manner unreasonably interfered with

5    Plaintiff's work performance or created an intimidating, hostile, or offensive working environment

6    as prohibited by FEHA. There is also a possibility a state court could find that these statements and

7    this conduct created a workplace that was "permeated with discriminatory intimidation, ridicule, and

8    insult." *See Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511, 516-17 (1998) (citing *Harris v.*

9    *Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). This conclusion is particularly possible given

10   Ambriz's additional allegations: that his report of the meeting was ignored; his previous

11   accommodations were terminated; he was reprimanded by Smith; he had received notices for

12   misconduct; and he encountered difficulties when reapplying for accommodations. *See* Dkt. No. 1-2.

13       On the basis of these allegations in the complaint, the Court finds it possible that a state court

14   could find Plaintiff has stated a cause of action for harassment under FEHA against Steen and thus

15   declines to find Steen was fraudulently joined.

16       The Court will now move to determine whether Charter's removal was proper since Steen has

17   been determined not to be a fraudulently joined sham defendant in this action.

18           **B.  Snap Removal Is Improper When Lacking Complete Diversity**

19

20       Charter has attempted what is known as "snap removal," filing its notice of removal before

21   service of the summons and complaint. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).

22   Specifically, 28 U.S.C. § 1441(b)(2) forum defendant rule precludes removal based on diversity

23   jurisdiction only "if any of the parties in interest properly joined and served as defendants is a citizen

24   of the State in which such action is brought." *Id.* "Snap removal" is considered permissible by some

25   courts, which interpret the phrase "properly joined and served" to allow a defendant to remove the

26   case to federal court if they do so before any forum defendant has been served, even though the

27   forum defendant rule would otherwise preclude removal. *See Texas Brine Co., L.L.C. v. Am. Arb.*

28   *Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). However, it is important to note that the forum

1   defendant rule is procedural, not a jurisdictional one. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d

2   933, 936 (9th Cir. 2006). And that the diversity requirement in 28 U.S.C. § 1332(a) requires

3   complete diversity; absent complete diversity, the district court lacks original jurisdiction over all of

4   the claims in the action. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

5   Further, as the parties have reminded the Court, the Ninth Circuit has not decided to rule on "the

6   permissibility of snap removals[,]" *Casola*  98 F.4th at 950 n. 1, and there remains a "split among

7   courts on how to handle [them]," See *Kornfeind v. Kia Am.*, No. 8:23-cv-01796, 2023 WL 8456111,

8   at *2 (C.D. Cal. Dec. 6, 2023) (noting the lack of controlling authority).

9        Charter contends that snap removal in this case is permissible, relying on "the clear,

10   unambiguous, and plain language of §1441." *See* Dkt. No. 12. Charter further urges the Court to

11   follow other California district courts' decisions that held that the plain language of §1441(b)(2)

12   permits removal where a forum defendant has not been served at the time of removal. *Id.*

13        Specifically, Charter cites cases from this district, urging the Court to also interpret the

14   "properly joined and served" language to allow removal of a case before service upon a forum

15   defendant. *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1052 (C.D. Cal. 2019) ("Plaintiffs are

16   citizens of Virginia (Dechow), Pennsylvania (Evans), New York (Klein), and Louisiana (Scott).

17   Defendant Gilead is a citizen of California and Delaware."); *Harrison v. Sonesta Int'l Hotels Corp.*,

18   No. 2:23-cv-04867-SB-RAO (C.D. Cal. Aug. 18, 2023) (noting diversity of citizenship existed);

19   *Zalvin v. Carrel*, No. 8:24-cv-00482-FWS-JDE, (C.D. Cal. Mar. 14, 2024) (noting diversity of

20   citizenship existed between the parties as Plaintiff was a citizen of Florida); *Kornfeind*, 2023 WL

21   84566111, at *2 (noting complete diversity of citizenship between the parties to the case); *Lawton v.

22   Hyundai Motor Am., Inc.*, No. 8:23-cv-01797-JVS (KES), (C.D. Cal. Nov. 20, 2023) (noting

23   complete diversity of citizenship existed between all parties); *Country Casualty Ins. Co. v. Hyundai

24   Motor Am.*, No. 8:24-cv-02428-SB-JDE, 2025 U.S. Dist. LEXIS 9385, at *1 (C.D. Cal. Jan. 16,

25   2025) ("Plaintiffs do not dispute that diversity is complete.").

26        However, as Plaintiff pointed out and explained to the Court, the above cases that Charter had

27   cited all have one similarity: They all involved situations where the parties were already diverse.

28   Dkt. No. 13 at 3.

The Court is a "court of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove an action pursuant to that provision, . . . original subject-matter jurisdiction must lie in the federal courts." (cleaned up)). More importantly, where this Court does not have jurisdiction, it *must* remand, regardless of the procedural propriety of the removal.

Charter's removal here is based solely on diversity jurisdiction, which requires complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). This means that federal diversity jurisdiction exists only when each plaintiff and each defendant is a citizen of a different state. Here, the Court has already determined that Steen's joinder is not fraudulent, and she is a defendant in this action; therefore, complete diversity is lacking. That is to say, even the concept of snap removal under § 1441—which purportedly permits a defendant to remove the case before the plaintiff has served the forum defendant—does not permit a defendant to bypass the complete diversity requirement for diversity jurisdiction, which requires "that each plaintiff must be of a different citizenship from each defendant." *Grancare*, 889 F.3d at 548.

In sum, the § 1441(b)(2) forum defendant rule is a procedural rule and not a jurisdictional one. *Lively*, 456 F.3d at 936. It may permit a defendant to remove, but it cannot and does not change the jurisdictional requirements federal courts must have to exercise diversity subject-matter jurisdiction, nor preclude the consideration of the citizenship of non-served forum defendants for purposes of establishing diversity jurisdiction and the right to remove. The undisputed fact in this action is that the parties are not completely diverse, as the parties consist of Plaintiff, a California citizen; Steen, a California citizen; and Charter, citizens of Connecticut, Delaware, Missouri, New York, and New Jersey. Dkt. No. 1 ¶¶ 16-17; Dkt. No. 1-2 ¶¶ 1, 3. Since Plaintiff and Steen are both California citizens for diversity purposes, and for this alone, this Court's diversity jurisdiction is defeated.

1    Finally, the Court is aware of both Charter's assertion that Plaintiff has failed to serve Steen on

2    time, and Plaintiff's assertion that 25 (living) women in California have used the name "Carol

3    Steen." Dkt. No. 8 at 11; Dkt. No. 12 at 13. But ultimately, since Plaintiff and Steen are both citizens

4    of California, the delay of service to Steen by Plaintiff does not change the fact that this Court lacks

5    complete diversity for federal diversity jurisdiction exists here.

6        Therefore, the Court finds Charter's removal improper, and this case must be remanded to the

7    state court.

8                    **C.  Plaintiff is Not Entitled to Attorneys' Fees**

9

10       The Court will next address whether Plaintiff should be granted attorneys' fees due to

11   Defendant's removal. An order remanding the case may require payment of just costs and any actual

12   expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Absent

13   unusual circumstances, attorneys' fees should not be awarded under § 1447(c) when the removing

14   party has an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132,

15   132 (2005).  Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the

16   clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066

17   (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141). Removal is not objectively unreasonable "solely

18   because the removing party's arguments lack merit, or else attorneys' fees would always be awarded

19   whenever remand is granted." *Id.* at 1065.

20       The Court finds that Charter's assertion that Steen was a fraudulent defendant was an objectively

21   reasonable one, as Charter made its arguments in good faith, and "is entitled to present the facts

22   showing the joinder to be fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th

23   Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

24   Furthermore, the Court also finds that Charter's basis for removal was not without merit, having

25   presented its arguments in favor of snap removal based on its own statutory interpretation. Again, as

26   noted by the parties, courts across the country have interpreted and consequently applied snap

27   removal differently, and in light of this unsettled doctrinal landscape, the Court declines to find that

28   Charter's attempt at removal was not objectively reasonable.

Therefore, the Court will not award attorneys' fees to Plaintiff.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion (Dkt. No. 8) is GRANTED IN PART.

2. Plaintiff's Request for Attorneys' Fees is DENIED.

3. The case is REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: November 26, 2025.

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

11